IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| HECTOR ESPINOZA, | § | |
| --- | --- | --- |
| Petitioner | § | |
| | § | |
| VS. | § | C.A. NO. C-05-182 |
| | § | |
| JOE D. DRIVER, WARDEN, | § | |
| Respondent | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Correctional Institution in Seagoville, Texas. At the time he filed his petition, he was incarcerated at the Federal Correctional Institution in Three Rivers, Texas ("FCI-Three Rivers"). Proceeding *pro se*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on April 18, 2005, arguing that the respondent is not properly calculating the good conduct time he is due. Respondent filed an answer and motion to dismiss on August 12, 2005 (D.E. 14, 15). Petitioner failed to file a response.

## BACKGROUND

Petitioner was sentenced in the United States District Court for the Northern District of Texas, Dallas Division, to serve 364 months in the custody of the Bureau of Prisons (D.E. 2 at p. 2 ¶ 1). According to BOP calculations, petitioner's full term release date is December 17, 2027, and his projected release date, including good time, is February 13, 2024 (Id. at ¶ 3). Petitioner argues that the BOP is miscalculating his good time credit and that he actually is eligible to earn 235 additional days of good conduct credit under the applicable statute. In his motion to dismiss, respondent counters that petitioner's release date has been calculated correctly. Respondent concedes that petitioner had exhausted his administrative remedies.

**JURISDICTION AND VENUE**

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts, and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a). Challenges to the execution of a federal sentence must be raised by habeas corpus petition filed in the district of incarceration.  United States v. Gabor, 905 F.2d 76, 77-78 (5th Cir. 1990). Jurisdiction over petitioner's habeas corpus petition attaches at the time of the filing of the petition.  Lee v. Wetzel, 244 F.3d 370, 375, n. 5 (5th Cir. 1990); Barden v. Keohane, 921 F.2d 476, 477, n. 1 (3rd Cir. 1990); Mujahid v. Daniels, 413 F.3d 991 (9th Cir. 2005).  Because petitioner was incarcerated at the Three Rivers FCI in the Corpus Christi Division of the Southern District of Texas at the time he filed his petition, the court has authority to hear and determine the petition.

**APPLICABLE LAW**

**A. Standard of Review**

Respondent moves to dismiss for failure to state a claim upon which relief can be granted, or in the alternative for judgment on the pleadings.  Fed. R. Civ. P. 12(b)(6); 12(c).  The test to be applied is the same.  A complaint should not be dismissed unless it appears beyond doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief.  Smith v. Waste Management, Inc., 407 F.3d 381, 383 (5th Cir. 2005) (Rule 12(b)(6)); Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999) (Rules 12(c)).

**B. Computation of Good Time Credit**

The statute at issue, 18 U.S.C. § 3624(b), states the following:

(1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

(2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

Petitioner argues that he is entitled to 54 days of good time for each year of his sentence, rather than for each year that he has actually served and he makes the same argument as the petitioner in White v. Scibana, 314 F.Supp.2d 834 (W.D. Wis. 2004). The petitioner in White, as in the instant case, argued that the good-time statute entitled inmates to 54 days of credit for each year of the sentence imposed, minus any deduction for disciplinary violations, and the court granted the petition. However, the district court's order in that case was overruled by the Seventh Circuit Court of Appeals in White v. Scibana, 390 F.3d 997 (7th Cir. 2004). There, the appellate court noted that the BOP interpreted the good time statute as allowing an award of up to 54 days of credit for each year the inmate actually serves in prison, which usually is less time than the term imposed by the court because of good time awards which operate to incrementally reduce the term of imprisonment imposed in the sentence. According to the BOP's interpretation, the statutory

3

good time calculation is not 54 days times the number of years imposed, but 54 days for each year actually served. Id. at 998.

The court discussed the BOP rule which interprets the statute to mean that an inmate earns 54 days of good time for each year served. The court also discussed the BOP formula for calculating good-time credit on sentences of a year and a day and noted that it provides examples of the partial-year proration at the end of a sentence. Id. at 999-1000 (citing 28 C.F.R. § 523.20). After discussing the various levels of deference given to agency interpretations of statutes, the court determined that the BOP's interpretation of 18 U.S.C. § 3624(b) is entitled to full deference under Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). White, 390 F.3d at 1000-1003. Accordingly, the court held that the statute grants 54 days of good time for every year an inmate actually serves, rather than 54 days for each year of a sentence imposed by a court.

The Fifth Circuit recently addressed the same issue in Sample v. Morrison, 406 F.3d 310 (5th Cir. 2005). There, the inmate made the same argument as the inmate in White. Before addressing the merits of the case, the Fifth Circuit noted that regardless of the interpretation of the statute, the earliest Sample would be eligible for release would be 2012 and that good time credit is earned on an annual basis, rather than in advance. Sample, 406 F.3d at 312. Because any harm Sample might suffer because of the BOP's interpretation of the statute was temporally distant and of a speculative nature, the court held that his allegations did not establish that he would sustain immediate injury or that such injury would be redressed by the relief he requested. Therefore, the court found that the inmate's petition was not ripe for review and it was dismissed for lack of subject matter jurisdiction. Id. (citing United Transp. Union v. Foster, 205 F.3d 851, 857 (5th Cir. 2000); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351

4

(1992); Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan, 883 F.2d 345, 348 (5th Cir. 1989) and National Park Hospitality Ass'n v. Department of Interior, 538 U.S. 803, 807-08, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003)).

Similarly, in this case, petitioner's claim is not ripe for review because even under petitioner's calculation he will not be eligible for release until 2023. Accordingly, his cause of action should be dismissed because it is not justiciable.

In the alternative, petitioner's case should be dismissed on the merits. In Sample, after discussing whether the petitioner's claim was justiciable, the court stated that even if it were to assume jurisdiction, it would conclude that the district court did not err in denying Sample's 28 U.S.C. § 2241 petition. After setting out the language of §3624(b), the court stated that it is plain from the statute that an inmate must *earn* good time credit by complying with institutional disciplinary rules and that good time is not awarded in advance. Sample, 406 F.3d at 313 (emphasis in original). The statue also plainly states that a prisoner cannot earn any good time credit until he has served at least one year of his prison term and at that time, and thereafter at the end of each year, he may be awarded 54 days of good time credit. "The plain effect of such annual awards is to *reduce an inmate's prison term incrementally while he is serving it.*" Id., (emphasis in original). The court added that if the statutory language did not "plainly" support the BOP's computation method, then it is at worst ambiguous and that deference to the BOP's interpretation is required by Chevron, citing White and Pacheco-Camacho v. Hood, 272 F.3d 1266, 1270-71 (9th Cir. 2003). Every other circuit court which has analyzed this issue has either agreed with or deferred to the BOP interpretation of the statute. See Perez-Olivo v. Chavez, 394 F.3d 45 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172, 174 (3rd Cir. 2005); Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. 2005); Brown v. Hemingway, 53 Fed.Appx. 338 (6th Cir.

2002)(unpublished); James v. Outlaw, 126 Fed.Appx. 758 (8th Cir. 2005)(unpublished); Pacheco - Camacho v. Hood, 272 F.3d 1266, 1268 (9th Cir. 2001).  For the reasons cited in Sample and the other circuit court opinions, petitioner's application for habeas corpus relief should be dismissed.

## RECOMMENDATION

Based on the foregoing, it is recommended that respondent's motion to dismiss (D.E. 15) be granted and petitioner's cause of action for habeas corpus relief be dismissed

Respectfully submitted this 4th day of October, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).